UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
)
JAMES MORRIS, )
)
      Plaintiff, )
)
    v. ) Civil Action No. 09-0799 (PLF)
)
UNITED STATES PROBATION )
 SERVICES, *et al.*, )
)
      Defendants. )
_____)

MEMORANDUM OPINION

*Pro se* plaintiff James Morris asserts claims under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), and the Privacy Act, 5 U.S.C. § 552a, against United States Probation Services and Probation Officers Daniel R. McKittrick and Kurt D. Moreillon. This matter is before the Court on defendants' motion to dismiss, plaintiff's motion to amend his complaint, plaintiff's motion to strike defendants' reply in support of their motion to dismiss, and plaintiff's motion for clarification. After careful consideration of the parties' papers, the Court will grant the motion to dismiss and will deny plaintiff's motions.[1]

I. BACKGROUND

On August 28, 2002, plaintiff was charged with a number of criminal offenses in a five-count Superseding Indictment in the United States District Court for the Northern District of

---

[1] Because plaintiff is proceeding *pro se*, the Court has evaluated his filings under "less stringent standards than formal pleadings drafted by lawyers." Chandler v. W.E. Welch & Associates, Inc., 533 F. Supp. 2d 94, 102 (D.D.C. 2008) (quoting Haines v. Kerner, 404 U.S. 519, 520, (1972)); see also Gray v. Poole, 275 F.3d 1113, 1115 (D.C. Cir. 2002).

Mississippi.  See Mot., Ex. 1 (Order, Morris v. T.C. Outlaw, Civil No. 09-0025 (E.D. Ark. Aug. 26, 2009)) at 1.  Pursuant to a plea agreement, plaintiff pled guilty to two counts: possession with intent to distribute five grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1), and felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  See id.  On March 5, 2003, plaintiff was sentenced to a total of 230 months' imprisonment, five years of supervised release, and a $200 special assessment.  See id.  Thereafter, plaintiff has challenged his sentence through multiple petitions for *habeas corpus* and appeals, none of which have been successful.  See id. at 1-3.

Plaintiff's complaint in the case before this Court seeks injunctive relief and damages against defendants for alleged errors in plaintiff's Presentence Investigation Report ("PSR") and in plaintiff's sentence as a result of confusion regarding a prior conviction.  See Complaint ("Compl.") at 1-4.  Defendants have moved to dismiss plaintiff's claims on numerous grounds, specifically, for improper service, improper venue, lack of personal and subject matter jurisdiction, and for failure to statue a claim.

## II.  DISCUSSION

### A.  Plaintiff's Claims Under The Privacy Act

Plaintiff attempts to bring suit under the Privacy Act on the ground that his PSR has several alleged inaccuracies that he asserts defendants added to the record, know about, and refuse to correct.  See Compl. at 3.  The Privacy Act requires that an agency of the United States government "maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is

2

reasonably necessary to assure fairness to the individual in the determination." 5 U.S.C. § 552a(e)(5). The appropriate defendant in a Privacy Act lawsuit is a federal agency, not an individual. See 5 U.S.C. § 552a(g)(1); see also Ramirez v. Dep't of Justice, 594 F. Supp. 2d 58, 61-62 (D.D.C. 2009). "United States Probation Offices are units of the federal courts [which are not considered agencies under the Privacy Act] and therefore are not subject to the Privacy Act." Ramirez v. Dep't of Justice, 594 F. Supp. 2d at 62; see also Jefferson v. Fed. Bureau of Prisons, 657 F. Supp. 2d 43, 47 (D.D.C. 2009).[2] Nor are the individual probation officers appropriate defendants to plaintiff's Privacy Act claims. See Martinez v. Bureau of Prisons, 444 F.3d at (Privacy Act claim against individual defendants appropriately dismissed because the statute only permits lawsuits against agencies); Ingram v. Gonzales, 501 F. Supp. 2d 180, 185 n.2 (D.D.C. 2007). Because plaintiff may not pursue his Privacy Act claims against any of the named defendants, the claims therefore will be dismissed.

---

[2] Plaintiff's most recent motion to amend seeks to add the Bureau of Prisons ("BOP") as a defendant, apparently based on the same argument under the Privacy Act that his records should be corrected. See Motion to Amend Complaint, Dkt. No. 7 at 5 (D.D.C. Sept. 10, 2009). "Under regulations, however, presentence reports and BOP inmate records systems are exempt from the amendment provisions of the [Privacy] Act." White v. United States Probation Office, 148 F.3d 1124, 1125 (D.C. Cir. 1998) (citing 28 C.F.R. §§ 16.51(c), 16.97(a); Deters v. United States Parole Comm'n, 85 F.3d 655, 658 n.2 (D.C. Cir. 1996)). See also Martinez v. Bureau of Prisons, 444 F.3d 620, 624 (D.C. Cir. 2006) ("The BOP has exempted its Inmate Central Record System from the accuracy provisions of the Privacy Act, 5 U.S.C. § 552a(e)(5)"). As such, the Court will deny plaintiff's motion to amend his complaint as futile. See FED. R. CIV. P. 15(a).

## B. Plaintiff's Bivens Claims[3]

The individual defendants move to dismiss the Bivens claims on numerous grounds, including on the ground that the Court lacks personal jurisdiction over them.[4] Plaintiff has the burden to make a *prima facie* showing that this Court has personal jurisdiction over the defendants. See Walton v. Fed. Bureau of Prisons, 533 F. Supp. 2d 107, 112 (D.D.C. 2008) (citing First Chicago Int'l v. United Exch. Co., 836 F.2d 1375, 1378-79 (D.C. Cir. 1988)). To meet this burden, "plaintiff must allege specific facts on which personal jurisdiction can be based; he cannot rely on conclusory allegations." Scinto v. Fed. Bureau of Prisons, 608 F. Supp. 2d 4, 7 (D.D.C. 2009) (quoting Walton v. Fed. Bureau of Prisons, 533 F. Supp. 2d at 112). Plaintiff has alleged, and defendants agree, that the named individual defendants work and reside in Mississippi. See Compl. at 2; Mem. at 8.

To determine whether it may exercise personal jurisdiction over non-resident defendants such as these, the Court engages in a two-part inquiry. First, the Court must determine whether jurisdiction exists under the District of Columbia's long-arm statute. See Walton v. Fed. Bureau of Prisons, 533 F. Supp. 2d at 112 (citing GTE New Media Services, Inc.

---

[3] A Bivens lawsuit is a private damages action against individual federal employees for violating a citizen's constitutional rights. See Bivens v. Six Unknown Named Agents, 403 U.S. at 389; see also Scinto v. Fed. Bureau of Prisons, 608 F. Supp. 2d 4, 8 (D.D.C. 2009) (citing Correctional Services Corp. v. Malesko, 534 U.S. 61, 66-68 (2001)). It therefore applies only to the individual defendants and not to United States Probation Services.

[4] Defendants also point out that they have never been properly served. See Mot., Memorandum in Support ("Mem.") at 6-7. The Court notes, however, that this *pro se* plaintiff is incarcerated and that it appears he has made a good faith effort to attempt to serve defendants. In plaintiff's motion for clarification he requests instruction regarding how to effect proper service. See Motion for Clarification, Dkt. No. 8 (Sept. 10, 2009). Because the Court has determined that it lacks personal jurisdiction for other reasons, it need not resolve whether plaintiff's service of defendants was adequate.

v. Bell South Corp., 199 F.3d 1343, 1347 (D.C. Cir. 2000)); Scinto v. Fed. Bureau of Prisons, 608 F. Supp. 2d at 7.  If so, the Court must determine whether the exercise of personal jurisdiction satisfies due process requirements.  See Walton v. Fed. Bureau of Prisons, 533 F. Supp. 2d at 112 (citing GTE New Media Services, Inc. v. Bell South Corp. 199 F.3d at 1347; United States v. Ferrara, 54 F.3d 825, 828 (D.C. Cir. 1995)); Scinto v. Fed. Bureau of Prisons, 608 F. Supp. 2d at 7.

The District of Columbia long-arm statute allows a court in the District of Columbia to exercise personal jurisdiction over a non-resident defendant based on claims arising from that person's conduct in:

> (1) transacting any business in the District of Columbia;
>
> (2) contracting to supply services in the District of Columbia;
>
> (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;
>
> (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;
>
> (5) having an interest in, using, or possessing real property in the District of Columbia;
>
> (6) contracting to insure or act as surety for or on any person, property, or risk, contract, obligation, or agreement located, executed, or to be performed within the District of Columbia at the time of contracting, unless the parties otherwise provide in writing; or
>
> (7) marital or parent and child relationship in the District of Columbia [under certain conditions].

D.C. Code § 13-423(a). Plaintiff argues that the Court has personal jurisdiction over the individual defendants because he has connected all of them to violations of the Privacy Act. See Opposition to Defendants' Motion to Dismiss at 5. This argument does not create a basis for personal jurisdiction under the District of Columbia long-arm statute. None of the alleged acts or omissions by the named probation officers took place in the District of Columbia or had any effect in the District of Columbia. The Court does not have personal jurisdiction over the probation officers. It therefore will dismiss plaintiff's claims against those defendants.[5]

### III. CONCLUSION

For the reasons stated above, the Court will grant defendants' motion to dismiss, will deny plaintiff's motion to amend, will deny plaintiff's motion for clarification, and will deny plaintiff's motion to strike. An Order consistent with this Memorandum Opinion will issue this same day.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: July 16, 2010

---

[5] In reaching these conclusions, the Court has not relied on defendants' reply in support of their motion to dismiss. It therefore will deny as moot plaintiff's motion to strike the reply.